UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID STORMAN, | No. 2:14-cv-2538 GEB DAD PS |
| Plaintiff, | |
| v. | ORDER |
| KAISER, | |
| Defendant. | |

Plaintiff Michael Storman is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)).  See also Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is

1

bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

FED. R. CIV. P. 8(a).

Here, plaintiff's complaint fails to contain a short and plain statement of the grounds upon which the court's jurisdiction depends.  Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited

1  jurisdiction and may adjudicate only those cases authorized by federal law. <u>Kokkonen v.</u>
2  <u>Guardian Life Ins. Co.</u>, 511 U.S. 375, 377 (1994); <u>Willy v. Coastal Corp.</u>, 503 U.S. 131, 136-37
3  (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears
4  affirmatively from the record.'" <u>Casey v. Lewis</u>, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting
5  <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 546 (1986)).

6  Lack of subject matter jurisdiction may be raised by the court at any time during the
7  proceedings. <u>Attorneys Trust v. Videotape Computer Prods., Inc.</u>, 93 F.3d 593, 594-95 (9th Cir.
8  1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has
9  subject-matter jurisdiction." <u>Dittman v. California</u>, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the
10 obligation of the district court "to be alert to jurisdictional requirements." <u>Grupo Dataflux v.</u>
11 <u>Atlas Global Group, L.P.</u>, 541 U.S. 567, 593 (2004). Without jurisdiction, the district court
12 cannot decide the merits of a case or order any relief. See <u>Morongo</u>, 858 F.2d at 1380.

13 The burden of establishing jurisdiction rests upon plaintiff as the party asserting
14 jurisdiction. <u>Kokkonen</u>, 511 U.S. at 377; <u>see</u> <u>also</u> <u>Hagans v. Lavine</u>, 415 U.S. 528, 543 (1974)
15 (acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,
16 implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy
17 within the jurisdiction of the District Court"); <u>Bell v. Hood</u>, 327 U.S. 678, 682-83 (1946)
18 (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly
19 insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of
20 jurisdiction ); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even
21 "[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction
22 . . . and may be dismissed sua sponte before service of process.").

23 Plaintiff's complaint also fails to contain a short and plain statement of a claim showing
24 that he is entitled to relief. In this regard, plaintiff's complaint is handwritten and many of the
25 allegations contained therein are inconsistent, confusing, illegible or difficult to decipher. For
26 example, in his complaint plaintiff alleges that "[d]efendant, Kaiser, is plaintiff's HMO," and that
27 "Kaiser (et al) includes Kaiser Senior Advantage, Kaiser member services and Kaiser Home
28 Health Services." (Compl. (Dkt. No. 1) at 1.) Later the complaint alleges that "plaintiff

1  requested that defendant provide Kaiser with home health services for speech therapy and blood
2  tests" but "[d]efendant denied these services to Kaiser." (Id. at 2.) Thus, the identity of the
3  defendant, or defendants, and the allegedly wrongful actions plaintiff is attempting to allege are
4  entirely unclear from a reading of his complaint.

5  Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a
6  complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that
7  state the elements of each claim plainly and succinctly. FED. R. CIV. P. 8(a)(2); Jones v.
8  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels
9  and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor
10 does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual
11 enhancements.'" Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555,
12 557. A plaintiff must allege with at least some degree of particularity overt acts which the
13 defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649.

14 Additionally, it is entirely unclear what causes of action plaintiff is attempting to assert in
15 this action. For instance, plaintiff's complaint refers to the Privacy Act of 1974. (Compl. (Dkt.
16 No. 1) at 3.) That statute, however, applies only to actions by the federal government. See
17 Morales v. New York, 22 F.Supp.3d 256, 278 (S.D. N.Y. 2014); Huling v. City of Los Banos,
18 869 F.Supp.2d 1139, 1154-1155 (E.D. Cal. 2012). Moreover, the complaint fails to allege any
19 actual damages incurred stemming from the alleged violation of the Privacy Act. See Doe v.
20 Chao, 540 U.S. 614, 620 (2004) (actual damages are a required element of Privacy Act claims).

21 In his complaint plaintiff also asserts that "the Social Security Act, § 1852(g) allows
22 plaintiff to sue Kaiser in this case at bar." (Compl. (Dkt. No. 1) at 1.) "Eligibility to receive
23 coverage and payment of medical items and services under the Medicare Advantage program is
24 governed by section 1852 of the Social Security Act and the regulations codified at 42 C.F.R. Part
25 422." Madsen v. Kaiser Foundation Health Plan, Inc., No. 08cv2236-WQH-JMA, 2009 WL
26 1537878, at *3 (S.D. Cal. June 2, 2009). However, 42 U.S.C. § 1395w-22(g) provides for an
27 administrative review process, including review by the Medicare Appeals Council, that must first
28 be exhausted before "a party may seek judicial review in federal court." Doctors Medical Center

4

of Modesto, Inc. v. Kaiser Foundation Health Plan, Inc., 989 F.Supp.2d 1009, 1014 (E.D. Cal. 2013).

As one district court has explained:

> When a claim is filed, a fiscal intermediary . . . makes an initial determination whether to pay the claim . . . .  42 U.S.C. § 1395ff(a)(1); 42 C.F.R. § 405.904(a)(2).  A party dissatisfied with the initial determination is entitled to request a redetermination by the intermediary, see 42 U.S.C. § 1395ff(a)(3) and 42 C.F.R. § 405.940, and then a redetermination by a 'qualified independent contractor' . . . see 42 U.S.C. § 1395ff(c)(3)(B)(i) and 42 C.F.R. § 405.968.  If the claimant remains dissatisfied with the decision and the amount in controversy exceeds a certain threshold amount, the claimant may request a hearing before an ALJ.  42 U.S.C. § 1395ff(d)(1)(A); 42 C.F.R. §§ 405.1000, 405.1002.  At the hearing, the claimant has an opportunity to submit new evidence, and, if the contractor elects to participate in the hearing, the claimant may take discovery.  42 C.F.R. §§ 405.1018, 405.1036, 405.1037(a).  If the claimant still remains dissatisfied, he may appeal the ALJ decision to the [Medicare Appeals Counil].  42 U.S.C. § 1395ff(d)(2); 42 C.F.R. §§ 405.902, 405.1100.  The end result of this process is a 'final decision' by Defendant that is subject to review in federal court, 42 U.S.C. § 1395ff(b)(1)(A), 42 C.F.R. §§ 405.1130, 405.1136, if the amount in controversy is $1,000, indexed for inflation.  42 U.S.C. § 1395ff(b)(1)(E)(i); 42 C.F.R. § 405.1006.

Willowood of Great Barrington, Inc. v. Sebelius, 638 F.Supp.2d 98, 104-05 (D. Mass. 2009).

However, "[i]n any civil action seeking judicial review of a decision of the Medicare Appeals Council, 'the Secretary of HHS, in his or her official capacity, is the proper defendant.'" Madsen v. Kaiser Foundation Health Plan, Inc., No. 08cv2236-WQH-JMA, 2009 WL 1537878, at *4 (S.D. Cal. June 2, 2009) (quoting 42 C.F.R. § 405.1136(d)(1)). See also United HealthCare Ins. Co. v. Sebelius, 774 F.Supp.2d 1014, 1016 (D. Minn. 2011) ("This case is a consolidated appeal by United of two final decisions of the Department of Health and Human Services' Medicare Appeals Council . . . concerning the insurance coverage of Robert Bushnell . . . . The Secretary is the proper defendant for such an appeal.").

Plaintiff also alleges in his complaint, in a vague and conclusory manner, that the "defendant has violated . . . Title III of the Americans with Disabilities Act." (Compl. (Dkt. No. 1) at 5.) "An individual alleging discrimination under Title III must show that: (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or

5

practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability." Fortyune v. American Multi-Cinema, Inc., 364 F.3d 1075, 1082 (9th Cir. 2004).

Due to all of the noted deficiencies reflected therein and discussed above, plaintiff's complaint will be dismissed for failure to state a claim. The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). However, when evaluating the failure to state a claim, the complaint of a pro se plaintiff may be dismissed "only where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (quoting Haines v. Kerner, 404 U.S. 519, 521 (1972). See also Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quoting Schucker v. Rockwood, 846 F.2d 1202, 1203-04 (9th Cir. 1988)).

Here, the court cannot yet say that it appears beyond doubt that leave to amend would be futile. Plaintiff's complaint will therefore be dismissed, and he will be granted leave to file an amended complaint. Plaintiff is cautioned, however, that if he elects to file an amended complaint "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." Id. at 679. Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]" Id. at 680 (quoting Twombly, 550 U.S. at 557).

Plaintiff is also reminded that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 220 requires that any amended complaint be complete in itself without reference to prior pleadings.  The amended complaint will supersede the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Thus, in an amended complaint, just as if it were the initial complaint filed in the case, each defendant must be listed in the caption and identified in the body of the complaint, and each claim and the involvement of each defendant must be sufficiently alleged.  Any amended complaint which plaintiff may elect to file must also include concise but complete factual allegations describing the conduct and events which underlie plaintiff's claims.

Accordingly, IT IS HEREBY ORDERED that:

1. The complaint filed October 29, 2014 (Dkt. No. 1) is dismissed with leave to amend.[1]

2. Within twenty-eight days from the date of this order, an amended complaint shall be filed that cures the defects noted in this order and complies with the Federal Rules of Civil Procedure and the Local Rules of Practice.[2]  The amended complaint must bear the case number assigned to this action and must be titled "Amended Complaint."

3. Failure to comply with this order in a timely manner may result in a recommendation that this action be dismissed.

Dated:  April 29, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\storman2538.dism.lta.ord.docx

---

[1] Plaintiff need not file another application to proceed in forma pauperis at this time unless plaintiff's financial condition has improved since the last such application was submitted.

[2] Alternatively, plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

7